## THE Co. F. YOUNG and THE SARAH C. HAGAR. [1]

*(District Court, E. D. New York. February 25, 1885.)*

COLLISION—CONFLICTING EVIDENCE—PROBABILITY.

Where the evidence in a collision case was conflicting, and one version of the accident made it necessary to suppose that the collision must have been intentional, while the other version did not, the latter was believed to be the truth.

In Admiralty.

*Hyland & Zabriskie*, for libelant.

*Alexander & Ash*, for the Hagar.

*Benedict, Taft & Benedict*, for the Young.

BENEDICT, J. Upon the evidence in this case the libelant can recover against one of the tugs proceeded against, but not against the other. He can recover against the Co. F. Young if he and the witnesses produced by the Sarah C. Hagar tell the truth. He can recover against the Sarah C. Hagar if the witnesses produced by the Co. F. Young tell the truth. I incline to believe the account given by those in charge of the Co. F. Young, for the following reasons: This account is not improbable, while it is highly improbable that the Co. F. Young, with the Sarah C. Hagar and her tow in plain sight, would start up and run into the canal-boat, as the witnesses from the Hagar say she did. Such an act was so uncalled for that the witnesses for the other side say that the collision must have been intentional on the part of the Co. F. Young. Moreover, the testimony given by the libelant and the witnesses for the Hagar is far from harmonious, whereas the testimony given by those from the Co. F. Young is not open to such a criticism. In addition to this, the witnesses who testify to the account contended for by the Sarah C. Hagar are outnumbered by the witnesses for the Co. F. Young. In such a state of the evidence, the libel, as against the Co. F. Young, must be dismissed, and the libelant may have a decree against the Sarah C. Hagar, with a reference to ascertain his damages.

[1] Reported by R. D. & Wyllys Benedict, of the New York bar.